**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SECURITIES AND EXCHANGE COMMISSION,

                               Plaintiff,

               - against -

RICHARD LEE,

                             Defendant.

13 Civ. 5185 (RMB)

**ORDER**

**Background**

The Court having considered the applicable submissions, authorities, and record herein, including (1) Defendant Lee's *pro se* letter, filed on March 19, 2025 (ECF No. 94); (2) the SEC's response to Lee's letter, filed on April 4, 2025 (ECF No. 98); (3) Lee's reply to the SEC's letter, filed on April 23, 2025 (ECF No. 101); (4) the SEC's Complaint charging Lee with fraud (ECF No. 1); (5) Lee's Consent to the Final Judgment, dated November 6, 2019 (ECF No. 82-1); (6) the Final Judgment, dated November 21, 2019 (ECF No. 86); and (7) the oral argument held on July 9, 2025, **respectfully denies Defendant's request to file a Federal Rule of Civil Procedure 60(b)(6) motion to vacate the Final Judgment.**

**Reasons for Denial**

First, Defendant's proposed Rule 60(b)(6) motion is 5 years late and, therefore, was not filed within a reasonable time. Lee consented to the Final Judgment in this matter more than five years ago. *See* ECF No. 86. A Rule 60(b) motion must be filed "within a reasonable time" and "must be made after no more than one year." *SEC v. Allaire*, No. 03 Civ. 4087 (DLC), 2019 WL 6114484, at *2 (S.D.N.Y. Nov. 18, 2019); *see* Fed. R. Civ. P. 60(c)(1). Courts have held that "five years is not a reasonable time to wait to bring a Rule 60(b)(6) motion." *Marshak v. Sheppard*, 381 F. Supp. 3d 261, 264 (S.D.N.Y. 2019); *see, e.g., SEC v. Penn*, No. 14 Civ. 581, 2021 WL 1226978,

at *5–9 (S.D.N.Y. Mar. 31, 2021) (denying as untimely a Rule 60(b) motion filed more than two years after judgment was entered); *Rodriguez v. Mitchell*, 252 F.3d 191, 201 (2d Cir. 2001) ("We do not think that three and one-half years from the date judgment was entered is a reasonable time [under Rule 60(b)(6)]."); *Truskoski v. ESPN, Inc.*, 60 F.3d 74, 77 (2d Cir. 1995) (holding that seventeen months was not a reasonable time under Rule 60(b)(6)). Lee does not provide any valid explanation for a 5 year delay. The Court finds that five years after consenting to the Final Judgment is certainly not timely.

Second, Defendant failed to show any extraordinary circumstances for his delay. Relief under Rule 60(b)(6) requires "extraordinary circumstances" which "typically do not exist where the applicant fails to move for relief promptly." *Acklin v. Eichner*, No. 20 Civ. 7042, 2024 WL 4826799, at *8 (S.D.N.Y. Nov. 18, 2024) (citing *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 190 n.8 (2d Cir. 2006)); *see, e.g., Gater Assets Ltd. v. AO Moldovagaz*, 2 F.4th 42, 53 (2d Cir. 2021) ("A party moving for relief under Rule 60(b) generally must present highly convincing evidence in support of vacatur and show good cause for the failure to act sooner . . .") (citation omitted); *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 393 (1993) ("[A] party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay.").

Where, as here, a defendant "wishes to disturb a consent judgment," the standard for Rule 60(b)(6) relief is "even harder to reach." *SEC v. Alexander*, No. 06 Civ. 3844, 2013 WL 5774152, at *2 (E.D.N.Y. Oct. 24, 2013) (citing *Sampson v. Radio Corp. of Am.*, 434 F.2d 315, 317 (2d Cir. 1970)). Lee does not present any evidence of extraordinary circumstances in either his written submissions or oral arguments to justify a Rule 60(b)(6) motion. *See* ECF Nos. 94; 101; *see also BLOM Bank SAL v. Honickman*, 145 S. Ct. 1612, 1621 (2025) (holding that the party seeking Rule 60(b)(6) relief "must always demonstrate 'extraordinary circumstances' justifying relief").

2

## Conclusion & Order

For the reasons stated above and based upon the record, Defendant's request to file a Rule 60(b)(6) motion to vacate the Final Judgment (ECF No. 94) is respectfully denied.

Date: August 4, 2025
New York, New York

**RICHARD M. BERMAN, U.S.D.J.**